JAMES C. CORNELL, Respondent, *v.* MARY F. CORNELL et al., Appellants.

In an action for the recovery of money only, and so necessarily triable by a jury (Code of Civil Procedure, § 968), in which if so tried an interlocutory judgment could not be given, if a jury is waived and the case tried by the court, and if a proper case is made out, such a judgment may be rendered, the same as if the action were originally triable by the court.

In 1873 the parties entered into an agreement by which, in consideration of plaintiff's obtaining a satisfaction-piece from S. of a certain mortgage of $2,000, the defendant M. agreed to assign to defendant W. a mortgage of $5,000, to be held by him in trust for the payment to plaintiff of $200 per annum, payable semi-annually, during the life-time of S. " for his support and maintenance." Plaintiff, in consideration thereof, covenanted to support and maintain S. " as long as said $200 is paid annually as aforesaid." The satisfaction was procured, assignment executed, and defendants made semi-annual payments up to April 15, 1875. Plaintiff thereafter was ready and willing to receive S. into his house and support him there; this S. refused. In an action to recover subsequent installments, *held*, that the contract must be construed as

subject to the implied condition of an assent on the part of S. to receive his support at the hands of plaintiff; that such support was a condition precedent to any obligation to pay, and not having been furnished, plaintiff was not entitled to recover.

*Pool* v. *Pool* (1 Hill, 580), *McKillip* v. *McKillip* (8 Barb. 552), *Hawley* v. *Morton* (23 id. 225), distinguished.

(Argued April 29, 1884; decided May 9, 1884.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made December 11, 1883, denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*James A. Deady* for appellants. The court, having found that there was no covenant to pay on the part of the defendant Goodrich, should have dismissed the complaint as to him. (*Phelps* v. *Vischer*, 50 N. Y. 69.) The covenants in the agreement are not independent ones, but the covenant to pay is dependent on the covenant to support. (*Thorp* v. *Thorp*, 1 Salk. 171; *Lester* v. *Jewett*, 11 N. Y. 456.) The plaintiff, having committed a breach of his agreement, cannot invoke the aid of the court to enforce it against the defendants. (*Dunham* v. *Mann*, 8 N. Y. 508; *Lester* v. *Jewett*, 11 id. 456.)

*James W. Culver* for respondent. Plaintiff having performed all he had agreed to do when the satisfaction-piece was delivered, and the defendants having received the full benefit of the satisfaction of the mortgage, there was no power on the part of the plaintiff or Samuel Cornell to recall the $2,000 or the mortgage. (*Tompkins* v. *Elliott*, 5 Wend. 496; *Pursall* v. *Frazee*, 14 Barb. 564; *Payn* v. *Brown*, 37 N. Y. 228.) The claim that defendant Goodrich made no covenant to pay plaintiff is untenable. (*Booth* v. *Cleveland Mill Co.*, 74 N. Y. 15; *Jones* v. *Kent*, 80 id. 588.) The covenant on the part of the plaintiff inures to the benefit of Samuel, and can be

enforced by him. (*Fox* v. *Lawrence*, 20 N. Y. 268; *Barr* v. *Beers*, 24 id. 178; *Halliway* v. *Brayman*, 42 id. 316; *Thayer* v. *Marsh*, 75 id. 340; *Little* v. *Banks*, 85 id. 258.) The agreement to support Samuel as long as the money was paid was to protect plaintiff against the possibility of the failure of the fund; and second, to induce Samuel to give the satisfaction-piece, and this Samuel can enforce. (*Fox* v. *Lawrence*, 20 N. Y. 268; *Burr* v. *Burr*, 24 id. 178; *Halliway* v. *Brayman*, 42 id. 316; *Thayer* v. *Marsh*, 75 id. 340; *Little* v. *Banks*, 85 id. 258.)   There is no obligation on the part of the plaintiff to any one to do any thing more than he has; his house was and is open to Samuel for support, and he was not required to do more even to defend himself in an action by Samuel. (*Pool* v. *Pool*, 1 Hill, 580; *McKillup* v. *McKillup*, 8 Barb. 552; *Hawley* v. *Norton*, 23 id. 255; *Loomis* v. *Loomis*, 35 id. 624; *Kelly* v. *Babcock*, 49 N. Y. 318.)   The defendants' contention that plaintiff's action is an action at law, and it is, therefore, error to grant equitable relief is untenable. (*Stevens* v. *The Mayor*, 84 N. Y. 296; *Jones* v. *Butler*, 20 How. Pr. 189; *Murtha* v. *Curley*, 90 N. Y. 372.)   It is sufficient if the legal effect of a transaction be set forth in a pleading. (*Brown* v. *Champlin*, 66 N. Y. 214; *Conaughty* v. *Nichols*, 40 id. 83.)   If the action is one for equitable relief, and justice has been done, a new trial will not be granted. (*Foot* v. *Becker*, 12 Hun, 370; *Patterson* v. *Copeland*, 52 How. Pr. 460.)   The defendant Goodrich having received the money under the contract, and having refused to pay it over to the plaintiff on demand, is liable for a breach of trust. (*Smith* v. *Frost*, 70 N. Y. 65; *Bennett* v. *Austin*, 81 id. 300, 302, 303, 304.)

DANFORTH, J. The complaint shows that on the 15th day of October, 1873, the plaintiff entered into an agreement in writing with the defendants, by which, in consideration of the plaintiff's obtaining a satisfaction-piece from one Samuel Cornell of a certain mortgage of $2,000 therein described, the defendant Mary agreed to and did assign to the other defendant a certain other bond and mortgage of $5,000 (and also $250

paid on the execution of the agreement), the bond and mortgage in trust, with power to satisfy the mortgage for reinvestment of said $5,000, and invest the same in a like good security for the payment to the plaintiff of " the sum of $200 per annum, payable semi-annually during the life-time of the said Samuel Cornell for his support and maintenance," and a further sum upon conditions not now material. In consideration whereof the said James C. Cornell " covenanted to support and maintain the said Samuel as long as said $200 is paid annually as aforesaid ; " that the defendants made semi-annual payments up to and including that which became due April 15, 1875, but since that time have made default ; that the plaintiff has performed all the covenants on his part in said agreement made. He, therefore, demands judgment against the defendants for the amount of the semi-annual payments becoming due since April 15 aforesaid, with interest on them respectively.

The defendants answered jointly, admitting the execution of the agreement and payment according to its terms as stated by the plaintiff, but deny that any sum is due or payable to the plaintiff, and deny that he has " performed the covenants on his part in said agreement made, and especially deny that he supported or maintained the said Samuel Cornell, or provided for his support and maintenance at any time since July, 1874." A jury was waived, and the issues tried before the court. The trial judge found the execution of the agreement, and the payments and default to have been made as stated; that " plaintiff has at all times been ready and willing to perform, on his part, his duties and obligations under said contract upon payment to him by defendant Goodrich of the moneys contracted to be paid by said agreement." And, as conclusions of law, first, that in said agreement there is no covenant on the part of the defendant Goodrich to pay any sum whatever ; second, that payment of the installments called for by said contract *was not by said contract conditional, or therein made dependent upon the support of Samuel Cornell by the plaintiff ;* third, that plaintiff is entitled to an accounting by the defend-

ant William W. Goodrich as a trustee under said agreement, and to judgment directing the payment of the money found in his hands under the agreement, due and payable according to its terms, such judgment to be against him as trustee and not individually;" directed "an" interlocutory judgment in accordance "with these findings for such accounting and judgment;" and refused to find, as requested by the defendants, "that the plaintiff has neither maintained nor provided for the support and maintenance of Samuel Cornell mentioned in the above agreement since July, 1874," or to dismiss the complaint.

The findings not favorable to the defendants, and the refusals to find as requested by them, were duly excepted to. Upon these exceptions a new trial was moved for at General Term, but denied, and the defendants appeal from the order there made.

The appellants object, *First.* That as the action was brought for the recovery of a sum of money only, it was not triable by the court, and, therefore, an interlocutory judgment was improper. The issue would necessarily have been tried by a jury (Code, § 968) if a jury trial had not been waived, and then an interlocutory judgment could not have been given. As it was waived, however, the plaintiff might have such judgment if a proper case was made out, with like effect as if the action was originally triable by the court. (Code, § 1207; *Murtha* v. *Curley*, 90 N. Y. 372.)

*Second.* A more difficult question is raised as to the proper construction of the contract. There is no room for the contention that the moneys were payable in advance. The sum named is $200 per annum, payable semi-annually, during the life of Samuel. Ordinarily, this would mean at the expiration of each half year from the date of the agreement, or from some other specified event; and there is nothing in the language of the contract or the situation of the parties to require a different conclusion in this case. But the plaintiff claims that the money was to be paid "annually, and in any event and without condition." It is only on that theory that the

recovery can be sustained. On the other hand, the appellant insists that the covenant to apply the trust moneys is dependent upon the plaintiff's covenant to support and maintain Samuel; that he has not done this since a time anterior to the last payment, and is, therefore, in default. The plaintiff answers to this proposition in the finding of the court above quoted, that he has been ready and willing to do so. If there is evidence of this it requires the qualification that he was only ready and willing to receive Samuel into his own house and support him there. The learned counsel for the respondent insists that to do so was the full measure of his duty, and in aid of his position cites *Pool* v. *Pool* (1 Hill, 580); *McKillip* v. *McKillip* (8 Barb. 552); *Hawley* v. *Morton* (23 id. 225); *Loomis* v. *Loomis* (35 id. 624). In *Pool* v. *Pool* the plaintiff, an aged man, had conveyed to the defendants his house and other property, upon their covenanting to keep and sustain him in boarding and lodging, etc., and suitable attendance, and also to "keep and maintain his infant children in a manner suitable for him to provide for them had he not conveyed away his property." One of the children left before he was twenty-one years of age, and the father sued the defendants because they did not keep and maintain the child, and it was held they were only bound to provide for the child as a member of their family. *McKillip* v. *McKillip* presented substantially the same circumstances. A bond to "furnish good and sufficient nursing, medical attendance, washing and lodging" to the father and his insane child, in consideration of the conveyance of real estate. The action was by one who harbored and cared for the father and his child. In *Hawley* v. *Morton* the bond expressly provided for the keeping and support of the plaintiff in the house of the defendant; and in all these cases the court decided as in *Pool* v. *Pool*, while in *Loomis* v. *Loomis* (*supra*) a different doctrine was applied to the agreement then before the court, and in an action by the beneficiary against the executor of the covenantor, it was held that under an agreement for a good and sufficient maintenance, she might close her residence. It is unnecessary

to inquire to what extent these cases are to be followed, for they do not apply to any issue between these parties. Their facts are unlike those before us. Here the beneficiary was not a party to the agreement, nor are there any findings showing that he knew of or assented to it. Whether he could sue for the non-performance of any duty under its provisions is a question which, although raised by the respondent's counsel, has no bearing upon the present controversy and need not be considered. It is enough to say that as he left the plaintiff's house of his own volition, if the cases cited have any application, they would, upon the plaintiff's construction of the agreement, furnish ample protection to him in case Samuel should sue for the cost of support and maintenance during his voluntary absence. The object of the agreement seems plain. At the time it was made Samuel was at the plaintiff's house. The plaintiff testified " he came there to live before the agreement." The wife was willing to provide for his support and the plaintiff desired it. This is apparent from the letter of the agreement. The trust was created for the payment to the " plaintiff " of the sum named during "the life-time of Samuel Cornell, for his support and maintenance." The latter condition was to precede payment. Moreover, the nature of the agreement is such that the parties to it must, from the beginning, have known that it could not be fulfilled unless Samuel Cornell was willing to receive his support at the hands of the plaintiff. They, therefore, when entering into the contract, necessarily contemplated his consent as the very foundation of what was to be done; it must, therefore, be construed as subject to that implied condition, and, so construed, would be satisfied only by actual performance by the plaintiff of his undertaking, which would, of course, involve Samuel's consent. This has not been found. On the contrary, a mere willingness on the plaintiff's part to perform on being paid the moneys contracted for, while the evidence shows that he has neither maintained nor provided for the support of Samuel, and that Samuel absolutely refuses to receive it in the plaintiff's house.

· It is argued by the respondent, that obtaining the satisfaction-piece of the $2,000 mortgage furnished consideration for the whole agreement. This is not so. It furnished consideration for the undertaking on the part of the defendant Mary P. Cornell, to pay the sum of $250 mentioned in it, and for placing her mortgage in trust, but nothing more. The consideration and the condition upon which the plaintiff was to receive any part of the proceeds of the trust money is support and maintenance actually furnished by him to Samuel Cornell. So far as he has furnished it he has been paid. He is entitled to no more. It is evident the plaintiff could not be called on to support or maintain Samuel if he refuses to be supported by him; nor can the defendants be called on by the plaintiff to pay money for the support which he not only has not afforded, but which, by reason of the refusal of Samuel, he cannot give. The plaintiff's case comes within the principle which relieves a master from liability for not teaching an apprentice who refuses to be taught (*Raymond* v. *Minton*, L. R., 1 Ex. 244), and cancels a contract for personal services of a third person if at the time named that person is unable to perform. (*Spalding* v. *Rosa*, 71 N. Y. 40.) The same rule must apply if the person to whom the service is to be rendered is unwilling to receive it, as in the case first cited. Therefore, as the plaintiff has not performed on his part the consideration, upon which he might be entitled to the trust money, fails, and he cannot enforce its payment. The exceptions, therefore, were well taken. It follows that the order denying a new trial should be reversed and a new trial granted, with costs to abide the event.

All concur.

Ordered accordingly.