The Delaware, Lackawanna and Western Railroad Company, Appellant, *v.* John M. Burkard et al., Respondents.

When a verdict is directed by the trial court and exceptions ordered to be heard at first instance at General Term, and motion for new trial is there denied and judgment ordered on the verdict, the General Term order is not appealable to this court.

*It seems* the judgment should be entered in pursuance of the order, and an appeal taken therefrom.

*O'Brien* v. *Jones* (91 N. Y. 193), *Wohlfahrt* v. *Beckert* (92 id. 490); *M. N. Bank* v. *Sirret* ( 97 id. 320); *People* v. *M. T. Co.* (96 id. 10); *Cornell* v. *Cornell* (96 id. 108) distinguished.

(Argued April 17. 1888; decided April 24, 1888.)

Appeal from order of the General Term of the Supreme Court in the fifth judicial department, made April 23, 1885,

---

[*] This case is not reported in full for the reason that a majority of the court did not concur in the opinion.

which denied a motion for a new trial, and ordered a judgment for defendants upon a verdict directed by the court.

The following is the opinion in full:

"Upon the trial of this action the judge nonsuited the plaintiff as to the defendant Catharine Fritchie, and directed a verdict in favor of the defendants, Burkard and George Fritchie, and ordered the plaintiff's exceptions to be heard in the first instance at the General Term. There the plaintiff moved for a new trial upon the exceptions and the defendants moved for judgment, and the General Term denied the motion for a new trial and ordered judgment to be entered for the defendants on the verdict. From that order the plaintiff appealed to this court. The defendants object that the order is not appealable, and we are of that opinion.

"The cases of *Becker* v. *Koch* (104 N. Y. 394) and of *Derleth* v. *De Graff* (Id. 661), are precise authorities for this conclusion. There is abundant scope for the operation of the provision contained in section 190 of the Code, authorizing appeals from orders which grant or refuse a new trial, without applying it to a case like this. This is, in substance and effect, merely an order for judgment upon the verdict which had been stayed under section 1000 of the Code. The judgment should be entered in pursuance of the order and then an appeal may be taken from that.

The cases of *O'Brien* v. *Jones* (91 N. Y. 193); *Wohlfahrt* v. *Beckert* (92 N. Y. 491); *Metropolitan National Bank* v. *Sirret* (97 N. Y. 320), to which our attention has been called by the counsel for the appellant, do not sustain his contention that this appeal is authorized. In each of those cases the exceptions which were ordered to be heard at the General Term were sustained and a new trial was ordered, and the appeal was from the order granting a new trial. There can be no doubt that such an appeal is authorized by the Code. But our practice has been uniform to deny the right of appeal in such a case as this.

"In the cases of *People* v. *Mutual Trust Company* (96 N. Y. 10), and *Cornell* v. *Cornell* (Id. 108), there were

trials before the court without a jury and interlocutory judgments were given, and then in each case there was a motion for a new trial at the General Term under section 1001 of the Code, and from the order denying that motion an appeal to this court. Such appeals are clearly authorized by the Code. (*Raynor* v. *Raynor*, 94 N. Y. 248.) But these cases are no authority for an appeal like this where the matter is ripe for final judgment and nothing remains to be done except to enter it, and when the appeal from the order, if allowed, would bring here for review only the precise questions which would be brought here by an appeal from the judgment.

" The appeal should, therefore, be dismissed, with costs."

*William Nottingham* for appellant.

*Mr. Satterlee* for respondents.

EARL, J., reads for dismissal of appeal.
All concur.
Appeal dismissed.