WRIGHT DURYEA et al., Appellants, *v.* WILLIAM C. VOSBURGH, Respondent.

Upon appeal from a judgment of the General Term affirming a judgment entered upon a verdict, this court has no power to review an order of the General Term affirming an order denying a motion for a new trial made on the judge's minutes on the ground that the verdict is against the evidence, although the notice of appeal states that the order will be brought up for review.

*Walker* v. *Spencer* (86 N. Y. 162), distinguished.

Such a review is not authorized by the provision of the Code of Civil Procedure as to the questions which may be brought up for review by appeal to this court (§ 1337); that section simply gives authority to review every question determined by the General Term affecting a substantial right and not resting in discretion.

Nor is the review authorized by the provisions, permitting a motion to be made at General Term for a new trial upon exceptions to rulings of law (§ 1001), and authorizing this court to review the decision of the General Term upon such motion (Subd. 2, § 190), or by the provision (§ 1350) providing for an appeal to this court from a final judgment in cases where an interlocutory judgment has been affirmed at General Term, or after it has refused a new trial applied for to it in the first instance, or on appeal from Special Term. The reviews in such cases can only be on exceptions, while the denial of a motion for a new trial, on the ground stated, is not the subject of an exception.

In an action to recover $6,000 alleged to have been wrongfully retained by defendant on the purchase by him, as agent of the plaintiff, of the interest of one P. in a firm of which he and defendant were members, the question whether the defendant, in what he did, acted as plaintiff's agent or as the agent of P. was the chief one contested upon the trial. Defendant called a witness, by whom he was permitted to prove, under objection and exception, that prior to the transaction with plaintiffs, defendant had applied to the witness to purchase P.'s interest in the partnership, and also to prove by defendant himself, that he made such application at P.'s request. *Held*, error.

(Argued March 4, 1890; decided April 15, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 2, 1888, which affirmed a judgment in favor of defendant and affirmed an order denying a motion for a new trial.

The plaintiffs brought this action against the defendant to recover some $6,000. The complaint alleges in substance that the defendant and one Peck were copartners in business in the city of Brooklyn, and that the plaintiffs, desiring to purchase Peck's interest, employed the defendant as their agent to purchase the same at the lowest cash price, which he agreed to do ; that he stated to the plaintiffs subsequently that such lowest cash price was $51,750, and that they, relying upon

such statement, paid that sum to Peck. Subsequently, the plaintiffs allege they discovered that Peck had really sold his interest in the partnership for $45,750, and that the difference between the sums had been received and wrongfully appropriated by the defendant to his own use.

The defendant put in an answer denying the allegations of the plaintiffs.

Upon the trial evidence was given by both parties upon the question of whether the defendant acted as the agent of the plaintiffs in the transaction resulting in the sale of Peck's interest in the copartnership to them, and there was no exception taken to the judge's charge that the whole case turned upon the question whether Vosburgh, the defendant, was constituted the agent of the plaintiffs to buy Peck's interest, and that if he were, then the plaintiffs were entitled to recover the sum of $6,000, with interest.

The jury found a verdict for the defendant; the plaintiffs made a motion to set it aside as against the evidence, and for a new trial on the minutes of the judge. That motion was denied. Judgment having been entered, an appeal was taken to the General Term from it, and also from the order denying the plaintiffs' motion for a new trial upon the judge's minutes. The General Term affirmed the order and judgment, and judgment of affirmance was duly entered. The plaintiffs then appealed to this court from the judgment of affirmance, and also from the order affirming the order denying the motion for a new trial upon the minutes, and in the notice of appeal from the judgment they stated their intention to bring up for review the said order so denying such motion for a new trial.

*Nathaniel C. Moak* for appellants. If, on the undisputed and uncontradicted evidence in the case, plaintiffs were legally entitled to recover, the court committed a legal error in denying their motion to set aside the verdict and for a new trial, which should have been corrected by the General Term. That court not having done so, the error should be corrected here. (Code, § 190, subd. 1, 2; Id. § 1337; *Walker* v.

*Spencer*, 86 N. Y. 162, 167; Baylies on N. T. & App. 210, 212, 213, 214.) The cause of action is based upon the relation defendant occupied toward the plaintiffs, and his conduct in that relation. (*Cotton* v. *Holliday*, 59 Ill. 176; *Garrow* v. *Davis*, 10 N. Y. Leg. Obs. 225; *Morrison* v. *O., etc., R. R. Co.*, 52 Barb. 173; *C., etc., R. R. Co.* v. *Sherman*, 30 id. 553; *Gardner* v. *Ogden*, 22 N. Y. 327; *Conkey* v. *Bond*, 36 id. 427; *Butts* v. *Wood*, 37 id. 319; *Massey* v. *Davis*, 2 Ves. Jr. 317; *Gillette* v. *Peppercorne*, 3 Beav. 78; 1 Lawson on Rights & Rem. 135, § 92; *Moore* v. *Mandlebaum*, 8 Mich. 442, 444, 445; *Bain* v. *Bunn*, 56 N. Y. 285, 287, 289; *Wilson* v. *Wilson*, 4 Abb. Ct. App. Dec. 622; *Simmons* v. *Vulcan*, 6 Penn. St. 202.) The fraud, if any, narrated in the complaint is a mere incident or element in the transaction. Doing the acts alleged are equitably, if not legally, a fraud upon the party injured. (*Tuers* v. *Tuers*, 100 N. Y. 196; *Valentine* v. *Lunt*, 115 id. 496, 501, 502; *Jex* v. *Mayor, etc.*, 111 id. 342.) Where illegal evidence is admitted which bears, or may have borne, in the least degree upon the result, the judgment must be reversed. (*Worrall* v. *Parmalee*, 1 N. Y. 519; *Carroll* v. *Deimel*, 95 id. 252; *Sherman* v. *D., etc., Co.*, 106 id. 542, 547, 548; *Baird* v. *Gillett*, 47 id. 187, 188; *Bowen* v. *Becht*, 35 Hun, 443.) The court erred in overruling plaintiffs' objections to the questions put on cross-examination to plaintiff William Duryea, in reference to the statement showing the business done by Vosburgh & Company. (*Conkey* v. *Bond*, 36 N. Y. 418, 429, 430; *C. C. Co.* v. *Sherman*, 30 Barb. 569; *Gillette* v. *Peppercorne*, 3 Beav. 78; *Hunt* v. *Van Dusen*, 42 Hun, 392; *Green* v. *Disbrow*, 56 N. Y. 334, 336; 1 Greenl. on Ev. § 52.) It was proper for plaintiffs to show Peck's reasons for silence and what operated upon his mind to cause him to remain silent and to let defendant do the talking. (*Valton* v. *National Loan Fund*, 4 Abb. Ct. App. Dec. 437; *Seymour* v. *Wilson*, 14 N. Y. 567; *Cortland* v. *Herkimer*, 44 id. 22, 26; *McKown* v. *Hunter*, 30 id. 625, 628; *Thurston* v. *Cornell*, 38 id. 281, 287; *Bedell* v. *Chase*, 34 id. 386, 388; *Starin* v. *Kelly*, 88 id.

418, 422.) It was proper for plaintiffs to ask Peck whether, if Vosburgh had not interfered and named a price at the interview at Duryea's office, he would have sold to them for less than $51,000, for $45,000. (*Hobart* v. *Hobart*, 62 N. Y. 80.) The court erred in allowing the question : Did you ever, under any circumstances or in any form of words, agree to act as agent in the purchase of the share? (*Fitch* v. *Crounse*, 14 Abb. Pr. 346, 350 ; 1 Abb. Ct. App. Dec. 477 ; *Brown* v. *H. R. R. Co.*, 107 Mass. 278 ; *S. M. Co.* v. *Hardy*, 114 id. 197 ; *P., etc., Co.* v. *U. S.*, 120 id. 35.) The court erred in admitting evidence as to the efforts to sell Peck's interest. (*Murray* v. *Smith*, 1 Duer, 432, 433 ; *Wilmot* v. *Richardson*, 6 id. 339 ; *Hollingham* v. *Head*, 4 C. B. [N. S.] 388 ; 93 Eng. C. L. Rep. ; *Plummer* v. *Arnold*, 22 Minn. 15 ; *Jackson* v. *Smith*, 7 Cow. 717.)

*Esek Cowen* for respondent. No error was committed in the admission or rejection of evidence, which calls for a reversal of the judgment. (Bigelow on Fraud, 476, § 4; Abb. Tr. Ev. 615 ; Taylor on Ev. §§ 336, 340 ; Greenl. on Ev. § 64 ; *Richards* v. *Millard*, 56 N. Y. 584.) The witness Peck, was asked if, but for the intervention of defendant, and his naming the price, he (Peck) would have sold for less than $51,000, and if he would have sold for $45,000. The questions were clearly improper. (*Hobart* v. *Hobart*, 62 N. Y. 80 ; *Newell* v. *Daty*, 33 id. 94 ; *Strum* v. *Williams*, 6 J. & S. 348.) It is always competent to ask a witness for, or on whose behalf, he acted in a certain transaction. (*Sweet* v. *Tuttle*, 14 N. Y. 465 ; *Knapp* v. *Smith*, 27 id. 277.)

PECKHAM, J. The counsel for the plaintiff contends that this court has the power, in a case like the present, to review the determination of the General Term in affirming the order denying the motion for a new trial, made upon the judge's minutes, which motion was made upon the ground that the verdict was against the evidence. He claims that the motion on such ground raised a question of law, and that if it should

have been granted, the courts below have made an error in the decision of a question of law, which this court should correct. He cites, as an authority for his proposition, *Walker* v. *Spencer* (86 N. Y. 162), and certain sections of the Code of Civil Procedure. This question has, as we think, been already decided by this court, and against the views now urged by the counsel for the appellants. But, inasmuch as appeals from this kind of an order are still frequently taken in connection with an appeal from the judgment, and there seems to be some uncertainty prevailing in the profession as to the practice which should follow in such case, we have deemed it proper to restate our views at this time.

The denial of a motion for a new trial, made on the ground stated, is not the subject of an exception, and if it be competent for this court to review the decision of that question by the General Term, it follows, of course, that it reviews a question of law without any exception having been taken, which is contrary to its uniform practice, and the power to do which has been denied. (*Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506.) In one instance provision is made for a review by this court of the determination of the lower court without an exception having been taken, and that is where a verdict has been ordered subject to the opinion of the court at General Term. By virtue of section 1339 of the Code an exception is not necessary in such case to enable this court to review the determination of a question of law arising upon the verdict so ordered. As there was no motion made on the trial of this cause to direct a verdict for the plaintiffs and of course no exception taken, if the plaintiffs are correct, they would be thus enabled to raise a question on an appeal from the order, which they could not raise on appeal from the judgment because of the absence of an exception. We think the plaintiffs are in error in their claim.

In the case cited from 86 N. Y., the appeal by the defendant was from the order of the General Term denying his motion for a new trial, made under section 1001 of the Code. That section permits such a motion to be made at General

Term *upon exceptions* taken to rulings of law, made upon the trial, and this court reviews the decision of the General Term upon such motion, by virtue of section 190, subdivision 2.

But by the very language of the Code providing for the making of a motion for a new trial at the General Term in cases where an interlocutory judgment has been entered, such motion must be founded upon exceptions, and of course, if none were taken, no such motion could be entertained at the General Term and no review could be had here.

Section 1350 does not confer the jurisdiction claimed. That section makes provision for an appeal to this court from a final judgment in cases where an interlocutory judgment had already been entered and affirmed at General Term, or after it had refused a new trial applied for to it in the first instance or upon appeal from Special Term. If an appeal is taken to this court from the final determination of the General Term, the determination of that court affirming the interlocutory judgment or refusing the new trial, may be reviewed at the election of either party. But the review in this court thus provided for, must be confined to exceptions taken, and without them no question of law reviewable here can arise. The plaintiffs have no exceptions to reach this question. There has been no interlocutory judgment, and hence provisions for a review of such a judgment upon appeal from a final one do not apply.

Nor does section 1337 lend any aid to the plaintiffs' contention. That section simply states the questions which may be brought up for review by an appeal to this court from a final judgment, or from an order granting or refusing a new trial in an action, or from an order affecting a substantial right, made in a special proceeding or upon a summary application after judgment. We do not think that section enlarges the jurisdiction of this court so as to permit us to review upon appeal from its judgment the decision of the General Term upon appeal from an order denying a motion for a new trial on the judge's minutes in an action tried by a jury. The meaning of section 1337 must be that this court can review

every question affecting a substantial right and not resting in discretion, which was determined by the General Term, provided the exceptions rendered necessary by other sections of the Code have been duly taken. An order, such as is under consideration here, is not made appealable to this court by virtue of this section.

The case of *Derleth* v. *DeGraff* (104 N. Y. 661); while not exactly similar (because the appeal to this court from the order was taken before the entry of the judgment of affirmance), is still an authority for the view now taken. We there held that the unsuccessful party at the General Term could not appeal directly to this court from the order of the General Term affirming the order of the Special Term denying the motion for a new trial on the minutes, even though such appeal should have been taken before the entry of any judgment of affirmance. And it was stated that on such an appeal, even if we could entertain it, we could review only questions of law raised upon the trial, such as would be involved upon an appeal from the judgment to be entered upon the order of affirmance. And it was held that this was not such an appeal from an order which grants or refuses a new trial, as is contemplated by section 190 of the Code. This case was reaffirmed in *D., L. & W. R. R. Co.* v. *Burkard* (109 N. Y. 648), and must be regarded as entirely settled.

We see no distinction in principle between the cases, and we hold that this court has no power to review the affirmance of an order denying a motion for a new trial on the judge's minutes in cases of this description, even though an appeal from the order of affirmance by the General Term and an intention to review such order is contained and stated in the notice of appeal from the judgment.

In this case nothing but certain exceptions taken in the course of the trial can be reviewed. Of such exceptions, one at least appears to us to be fatal to the judgment herein. The defendant called a witness, and, under the objection and exception of the plaintiffs, he proved by him that prior to

the transaction with the plaintiffs, defendant had applied to the witness to purchase Peck's interest in the partnership. The defendant also proved by his own evidence, under like objection and exception, that he made such application at Peck's request. The decisions sustaining the admissibility of these two pieces of evidence going to prove one fact are now claimed to have been correct upon the ground that if it were true that defendant had, at Peck's request, before the transaction with the plaintiffs, seen several other parties and solicited them to purchase Peck's interest in the business, it was a circumstance tending strongly to corroborate the evidence of defendant that, in the sale of that interest to the plaintiffs, he was acting as Peck's agent; and also upon the ground that it contradicted Peck's denial that defendant was his agent. As to the latter ground the claim is not well founded. Peck denied that defendant was his agent in the transaction in litigation. This evidence of defendant did not contradict that of Peck on that question, unless it is to be said that the two things are incompatible, and that if defendant acted as Peck's agent in the other transactions, he necessarily acted as his agent in the transaction under discussion. This, of course, cannot be contended. It, therefore, did not directly contradict Peck. Whether it tended to contradict him depends upon considerations which are involved in the discussion as to the admissibility of the evidence on the first ground above stated, viz.: that it tended to corroborate the defendant's evidence of agency in this particular transaction. If such agency were established, of course Peck's evidence to the contrary would be substantially contradicted. Is, then, the evidence admissible on the ground that it tends to corroborate the defendant's evidence that he did act in this transaction as the agent of Peck? I think not.

If the evidence of the witness Ogden, that defendant had applied to him to purchase the Peck interest, be taken alone, it may be said to be immaterial, for it does not show that the application was made in behalf of Peck, nor could such fact be inferred therefrom, other than as a mere guess, not

based upon any evidence. This evidence can only become material when it is taken in connection with that of the defendant, in which he says that in making the application to Ogden and the others, he did it at Peck's request. From proof of an agency to sell Peck's interest in the property at a former time and with respect to other parties, is the inference a legitimate or proper one that defendant acted as agent for Peck in the transaction in question when such agency is denied? Is it one so natural that it would be proper to leave it to a jury to draw or not as they should think fit, or is it so purely speculative, so entirely a matter of guess-work, that it would be improper to permit the jury to draw the inference from the facts stated?

To me it seems the latter. If the agency in the transaction in question would not by this evidence be sufficiently proved, can it be said that it does legitimately corroborate other evidence of agency, sufficient in itself, if believed, to prove the fact? I should still think not. I cannot see, in the latter case, that it is still anything but speculation, pure and simple. He acted as agent for Peck upon some past occasions, and, therefore, we are asked to say that the inference is legitimate that he acted as his agent in the present transaction. Unless it can be said that this evidence naturally tends, in some appreciable degree, to prove the fact of the defendant's acting for Peck in the particular transaction in litigation, I cannot see that it is admissible at all. If it do not thus naturally tend to prove such fact, of course it does not tend to corroborate the evidence of defendant upon that subject. Yet it is entirely credible that defendant may have acted as such agent in the former applications to other parties, and still may not have so acted in this particular case. The two positions are not in the slightest degree inconsistent, and there is no intrinsic improbability of the truth of both. Assuming that, on former occasions, the defendant had been Peck's agent, still, any one of an almost infinite variety of circumstances may have occurred to change the views of Peck in regard to the defendant, and hence to cause him to withdraw

the authority theretofore given to defendant to negotiate a sale of Peck's interest. It must be obvious that it can be nothing more than a guess to say that not one of those circumstances did occur, or in other words to say that the last act of the defendant in negotiating to sell the property of Peck to the plaintiffs was performed as agent for Peck, because on other and prior occasions he had conducted negotiations of a similar nature with other people as such agent. What is it, then, which should render proof of a wholly separate, distinct and past transaction between other parties competent evidence against these plaintiffs? Reduced to its real merits, the proposition is solely founded upon a possibility, or in other words, upon a mere guess or speculation, too shadowy entirely to support the inference of defendant's agency in this particular transaction. It is also evidence upon a fact not at issue in the case, for whether the defendant acted as agent for Peck once or twenty times before this, would be wholly beside the issue, unless this inference which the defendant seeks to draw were a natural and usual one. It rests with the defendant to show that it is, as otherwise the evidence is as I have said, outside the issue. I do not think that the defendant sustains this burden, and, therefore, the evidence is inadmissible. I think such of the authorities as touch upon the general subject of the admissibility of this class of evidence, are to the effect that in such a case as this, evidence of this kind is incompetent. In *Murray* v. *Smith* (1 Duer, 412), the question was whether a certain purchase of real estate had been made by plaintiff on joint account of himself and defendant, and whether the deed from plaintiff to defendant was made on defendant's promise to pay one-half of the mortgage on the premises as part consideration therefor. Evidence was given that the plaintiff had purchased other land in his name, but on joint account of himself and defendant. The evidence was held to have been erroneously admitted. It is true the case is somewhat different from the one at bar, but I think the same principle applies. The evidence was claimed to be proper on the ground that it tended to corroborate the evidence for the plaintiff, for the reason that it

would be more natural to infer the main fact in issue in favor of the plaintiff, because of proof that in a prior transaction such actually was the fact; thus showing that the transaction in question was not one entirely between strangers and persons who up to that time never had business transactions of such a nature together. But the court held the evidence too speculative and uncertain to base any legal inference upon it, or to permit a jury to draw any inference of fact therefrom.

In *Hollingham* v. *Head* (4 C. B. [N. S.] 388; 93 Eng. C. L. 388), the plaintiff sued defendant for the price of a quantity of artificial manure, and the defense was that it was purchased upon condition that it was not to be paid for unless it proved equal to Peruvian guano. The defendant desired to prove in his defense that the plaintiff had made other contracts to sell precisely this same kind of manure, upon the condition that it was not to be paid for unless it was equal to the Peruvian. The evidence, under objection, was rejected, and the court, upon a review of the case, held it properly rejected, as entirely too speculative in its nature. Mr. Justice WILLS said, " The question may be put thus : Does the fact of a person having once or many times in his life done a particular act in a particular way, make it more probable that he has done the same thing in the same way upon another and different occasion? To admit such speculative evidence will, I think, be fraught with great danger." Justices BYLES and WILLIAMS concurred.

The case at bar was hotly contested upon this single question of agency, as to whether in what defendant did, he acted as plaintiffs' or Peck's agent. It seems to us exceedingly probable that the evidence in question may have had some considerable weight with the jury; how much we cannot say. In order to affirm this judgment we should be able to say it had none. (*Brague* v. *Lord*, 67 N. Y. 495–499.)

Its admission was error, for which the judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except RUGER, Ch. J., not voting.

Judgment reversed.