AMERICAN ENCAUSTIC TILING Co., Limited, *v.* REICH.

(*Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. AUTHORITY OF AGENT—RECOGNITION BY PRINCIPAL.
  On the question whether an architect, employed by the owner of a building to superintend the work on it, had authority to contract for certain work, the admission of testimony of a witness that, on applying to the owner for the same work, he was told he should see the architect, is not error, since, if it showed recognition of the architect's authority, it was of his authority in the matter in dispute.

2. RULINGS ON EVIDENCE—CROSS-EXAMINATION.
  The exclusion of evidence on cross-examination is not cause for reversal, where its admission at that stage was discretionary with the court, and where the substance of it was afterwards brought out by appellant.

3. EXPERT TESTIMONY—COMPETENCY.
  To show the capacity of a witness as an expert on the value of work in laying tiles in a building, evidence that he had tiling work done in other buildings is competent.

Appeal from city court, general term.

Action by the American Encaustic Tiling Company, Limited, against Lorenz Reich, for work, labor, and material furnished in the construction of defendant's hotel. The defense was that the architect by whom plaintiff was employed had no authority to contract for the work and material, but was himself to do the work and furnish the material at his own expense, and that defendant had settled with him. Defendant appeals from a judgment of the general term of the city court affirming a judgment of that court entered on the verdict of a jury, and affirming an order denying a motion for a new trial.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Abram Kling,* for appellant.   *Charles A. Flammer,* for respondent.

PER CURIAM. The decisive question in the case, namely, whether the architect employed by defendant to superintend the construction of the building had authority, real or apparent, to make the contract with plaintiff, was strenuously litigated on the trial; and, as there is sufficient evidence of authority in the record to carry the case to the jury, their verdict is here conclusive, unless it be vitiated by the alleged errors in the admission and exclusion of evidence. Appellant's chief exception is to the admission of evidence that, in another and different transaction, defendant recognized the architect as his agent; but to this contention there are two sufficient answers: *First,* the evidence is merely that "I was to see the architect," and so shows no recognition by defendant of the architect's authority to make the contract in controversy; and, *secondly,* if there were such recognition, it was of authority in the architect touching the very transaction in dispute. Hence *Duryea* v. *Vosburg,* 121 N. Y. 57, 24 N. E. Rep. 308, is not in point; for in that case the attempt was to establish agency in one transaction, by proof of agency in another and different transaction. Page 65, 121 N. Y., and page 310, 24 N. E. Rep.

The exception to the exclusion of certain evidence on cross-examination is also invalid for two reasons: *First.* The plaintiff was then presenting its case, and, even were the offered evidence competent, it was discretionary with the court whether to receive it at that moment or to reserve its admission as properly part of defendant's proof. *Neil* v. *Thorn,* 88 N. Y. 270. *Secondly.* The substance of the excluded testimony was subsequently brought out by appellant.

Appellant's other principal exception is as untenable as the former ones, for evidence that the witness had tiling work done in other buildings was clearly competent for the purpose for which it was received, namely, his capacity as an expert to speak to the value of laying tiles. In the remaining exceptions we see no error prejudicial to appellant. The judgment and order appealed from must be affirmed, with costs.