PHILLIPPO MONTEGRIFFO *v.* FELICE MUSTI, VINCENZO SQUARZA, *and* SALVATORE CARO.

An undertaking given pursuant to section 209 of the Code of Procedure, in an action of claim and delivery of personal property, conditioned for a return of the property, if a return should be adjudged, and for the payment of such sum as should, for any cause, be recovered against the plaintiff in the action, is substantially one for the payment of money.

And an action against the sureties in such undertaking, is an action arising on contract within section 129 of the Code, and a summons for a money demand, in such an action, is proper.

APPEAL by the defendant from an order made at Special Term denying a motion made by the defendant Caro to dismiss the complaint on the ground that it did not comply with the summons.

The notice inserted in the summons states that the plaintiff, on a failure to answer, on the part of the defendants, will take judgment for a specific sum. The complaint served set forth a cause of action against the defendants upon a bond or undertaking, made by the defendant Caro, as surety for another defendant, in an action to recover possession of certain personal property.

It was claimed by the appellant that the summons should have been within the second subdivision of section 129 of the Code of Procedure to authorize the complaint served.

*Henry H. Morange,* for appellants.

*A. C. Fransioli,* for respondent.

BY THE COURT.—BRADY, J.—The defendant Caro undertook and became bound to the plaintiff for the return of the property claimed and taken by Felice Musti, if a return thereof should be adjudged, and for the payment of any such sum as should, for any cause, be recovered against Musti in the action commenced by him, and in which the undertaking of Caro

Montegriffo v. Musti.

was given. The obligation assumed by Caro was twofold, namely—to return the property taken by his principal, Musti, and to pay any amount that might, for any cause, be recovered against him, which covered the costs allowed by the statute, if Musti failed in the action, and the value of the property, if he failed to return it after judgment. The undertaking is substantially one for the payment of money. The statute provides for the liquidation of the damages for the omission or neglect to return the property by requiring the jury to assess the value of the property, and thus the pecuniary obligation of the surety is determined in that respect, and the costs and allowance also allowed by statute determine the whole extent of the surety's liability. What is the plaintiff to recover, if the property be not returned? He recovers its value. Has that been ascertained? It has, and is not open to question. It is a thing determined. The principal has, then, neglected to return the property—the sureties have neglected to return the property, and the plaintiff seeks to recover its value. There can be no doubt of his right to this remedy. The Court has adjudged that the defendant Musti return the property taken by him, or pay two hundred dollars, which was its value; and having neglected to return it, the plaintiff has recovered that amount, and the costs in the action. This the sureties undertook, in express language, to pay, and the plaintiff has stated all the facts necessary to establish his right to the amount claimed. Whether the defendants, the sureties, shall have a right to return the property in diminution of the amount claimed by the plaintiff, it is not necessary to decide now; but it is very clear that the undertaking of the sureties was one for the payment of money on the default of the principal, Musti, to return the property which he took, and that this is an action, in the language of section 129 of the Code, arising on contract, and for the recovery of money only. No other relief is demanded.

The order appealed from should be affirmed, with ten dollars costs.