JOSIAH WALKER, Appellant and Respondent, *v.* JOHN C. SPENCER, Impleaded, etc., Appellant and Respondent.

An appeal cannot be taken to this court from an order of General Term affirming an interlocutory judgment. An appeal from the judgment may be taken to the General Term (Code of Civil Procedure, § 1349), but it cannot be reviewed by appeal to this court until after final judgment. (Code §§ 190, sub. 1, § 1336.)

An order of General Term denying a motion for a new trial, on exceptions in case of an interlocutory judgment, is reviewable here. (Code § 190, sub. 2.)

J. entered into an agreement with defendants, whereby the latter agreed to manufacture and sell as general agents for the former, a medical compound, the recipe whereof was owned by him, for a term of years, for a commission of fifty per cent net proceeds of all sales; defendants agreeing to account for all proceeds, less expenses. It was also agreed that after a specified sum had been paid to J., the recipe and process of manufacturing should belong jointly to the parties, each owning one-half. The stipulated sum was paid. In an action thereafter brought for an accounting, *held*, that as between themselves, the parties were not partners; and that upon the accounting, defendants were properly charged with the actual proceeds of all sales, including sums which came to the hands of their agents or employees, although the same were embezzled or not accounted for by them.

(Argued May 30, 1881; decided October 4, 1881.)

THESE were cross-appeals from an order of the General Term of the Superior Court of the city of New York, made January 5, 1881, which affirmed an interlocutory judgment

herein, and denied a motion on the part of defendant Spencer for a new trial on exceptions.

The nature of the action and the material facts are stated in the opinion.

*James M. Smith* for plaintiff. The term "legal repre- sentatives," as used in the agreement, embraces both assignees and grantees. (*Bowman* v. *Long*, 2 Monthly Jurist, 600; *Carpenter* v. *Pannels*, 19 Wall. [U. S.] 145; *Delancey* v. *Bur- nett*, 4 Gilm. 464; *Phelps* v. *Smith*, 15 Ill. 574.) The agree- ment entered into, being executory in its nature, and under seal, could not be modified, varied or discharged as to its pro- visions before breach, by parol evidence, without a new agree- ment under seal, of equal solemnity as to the original agree- ment. (*Suydam* v. *Jones*, 10 Wend. 154, 156; *Delacroix* v. *Buckley*, 13 id. 75, 76; *Allen* v. *Jacquish*, 21 id. 628; *Dodge, Exr.*, v. *Crandall*, 30 N. Y. 294; *Coe* v. *Hobby et al.*, 72 id. 141.) The court erred in allowing the defendants, McDonald & Co., to recover judgment against the plaintiff, for the acts of his father, done subsequent to the execution of the bill of sale. (*Barker* v. *White et al.*, 58 N. Y. 211.)

*H. F. Hatch* for defendant. The defendants are liable to ac- count to the plaintiff, as assignee of Joseph Walker, for all assets of the firm at the dissolution. (*Marquand* v. *N. Y. Mfg. Co.*, 17 Johns. 525; *Menagh* v. *Whitwell et al.*, 52 N. Y. 168; *Mum- ford* v. *McKay*, 8 Wend. 442; *Horton's Appeal*, 13 Penn. St. 67.) Walker was bound by the entries in the account books, and they constituted an adjustment of the accounts down to the time he sold out, except as to the assets and property then on hand. (*Fairchild* v. *Fairchild*, 64 N. Y. 471.)

RAPALLO, J. The court at Special Term having rendered an interlocutory judgment in this action directing an accounting and giving certain instructions as to some of the items of the account, the defendant Spencer moved at General Term for a new trial on exceptions under section 1001 of the Code of Civil

Procedure, which corresponds to section 268 of the former Code of Procedure.    The plaintiff did not move for a new trial but appealed to the General Term from certain provisions of the interlocutory judgment which were adverse to him.

The action was for an accounting under an agreement between Joseph Walker and McDonald & Spencer made in May, 1868, for the manufacture and sale of a medicinal compound called J. Walker's California vinegar bitters, whereby the defendants McDonald & Spencer were to be the general agents of Joseph Walker for the sale of the bitters ; Walker agreed to furnish the goods to McDonald & Spencer for twenty years, and to allow them as commission fifty per cent of all the net proceeds of all sales thereof, including all sales by Walker, and in case Walker should desist from manufacturing the bitters during said period, McDonald & Spencer were to have the exclusive right to manufacture and sell the article during said period on condition of paying to Walker or his legal representatives the said amount of fifty per cent of the proceeds exclusive of all expenses whatever.

The agreement further provided that when a certain amount had been paid to Walker under this agreement, the recipe and process for manufacturing the bitters should belong jointly to Walker and McDonald & Spencer in equal shares of one-half each, and to their heirs and assigns forever.

The stipulated sum had been paid to Walker by the year 1871, and thenceforth McDonald & Spencer became half owners of the recipe and process.    The business of manufacturing the article was assumed by them in 1869, and since that period they have gone on manufacturing and vending the article.    They kept the accounts and made payments to Walker under the agreement from time to time until April 20, 1877, when he demanded of them an accounting and payment of his share of the proceeds of sales then on hand, which was refused.    The trial court found that at the time of such demand and refusal McDonald & Co. had on hand money liable to distribution, and a large amount of the bitters ready for sale and delivery, and that since 1869 the accounts of the business

had been kept solely by McDonald & Spencer and the books were in their sole custody and control, and that on the 20th of April, 1877, Walker sold and conveyed all his proprietary rights in the preparation and trade-mark, and all his claims under the agreement against McDonald & Spencer, and all his interest in the money and property then owned by him, or which might thereafter accrue, to his son Josiah Walker, who is the present plaintiff. That after the assignment the plaintiff demanded an accounting and payment which were refused.

The case discloses a clear right in the plaintiff to an account. The principal contention on the trial related to the right of McDonald & Spencer to be allowed as one of the expenses of the business a very large sum, amounting to several hundred thousand dollars, which they had expended out of the proceeds of sale of the bitters, for advertising. The court found as matter of fact, that these expenditures had been made with the sanction of Walker up to 1877 when, after the assignment to the plaintiff, he and his father caused a notice to be served on McDonald & Spencer, refusing to sanction such expenditures. The court, in its interlocutory judgment, directed that on the accounting McDonald & Spencer be allowed the expenses incurred for advertising up to the date of this notice, and left it to the referee to decide as to expenses incurred after that date. The decision consequently, so far as it goes, is favorable to the defendants, McDonald & Spencer, and they have no right to complain. The court also decided in their favor upon a claim made by them for damages by reason of Joseph Walker having engaged in the manufacture and sale of an article called vigorene, said to be similar to the vinegar bitters. The only other claim made by them was for the use and occupation of certain buildings which had been purchased by them and Walker for the purposes of the business, and Walker's interest in which had been subsequently acquired by them. The judgment directs that they be allowed on the accounting the value of the use and occupation of such part of the buildings as has been used and occupied for the manufacture of the bitters. Their exception is that they should be

allowed the value of the rental of all of said premises used and occupied in the business of selling as well as manufacturing the bitters. Until the referee's report comes in it cannot be ascertained whether any injustice is done them in respect of this rent. It may not appear that any part of the building is used exclusively for selling. The only provision of the judgment which is adverse to the defendants, McDonald & Spencer, is that on the accounting they shall be charged with the actual proceeds of sales, including any amounts which have come to the hands of any agent or employee of McDonald & Spencer, although such amount may have been thereafter stolen or embezzled. By the agreement they were to account for all proceeds, less expenses, and the court at the trial held, that as soon as the proceeds were received by their agents or employees, they became chargeable therewith as between them and Walker, and were not discharged from such liability by the subsequent embezzlement of the funds by their employees. We are inclined to adopt this view. (*Mass. Mut. Life Ins. Co.* v. *Carpenter*, 49 N. Y. 668.) The defendants seek to establish that they should be allowed for their losses on the ground that McDonald & Spencer and Joseph Walker became partners, as they shared in the profits of the business and the expenses were to be paid out of a common fund. Whatever effect the agreement or the mode of conducting business under it might have had, if the question should arise between them and third parties, we do not think that it was the intention that they should be partners as between themselves. No such claim is made in the pleadings on either side, but the relation is treated throughout as that of principal and agent. The funds alleged to have been embezzled are not specifically identified as the property of the principal, but were funds in which both parties were interested, and the loss consisted of the failure of the clerks or agents of McDonald & Spencer to account for proceeds of sales collected by them.

We think that the defendant Spencer's motion for a new trial was properly denied. The special findings which he requested and which were refused, affect principally matters

which were decided in his favor, and in so far as they conflict with the conclusions of the trial judge we think they were properly refused.

The plaintiff made no motion for a new trial, but appealed from those portions of the interlocutory judgment which allowed to McDonald & Spencer damages for sales of vigorene, the expenses of advertising up to August, 1877, and rent of any part of the buildings used in the manufacture of bitters.

This appeal cannot be entertained. There is no provision of law which authorizes an appeal to this court from an interlocutory judgment, or from an order affirming such a judgment. An appeal may be taken to the General Term from such a judgment (Code, § 1349), but it cannot be reviewed by appeal to this court until after final judgment has been rendered. (Code, § 190, subd. 1, § 1336.) The appeal from the order denying a new trial is entertained under section 190, subd. 2.

The appeal of the plaintiff must, on this ground, be dismissed. On the defendant's appeal the order denying a new trial must be affirmed. No costs in this court to either party.

All concur.

Ordered accordingly.