MARY RAYNOR, Appellant, *v.* LUCY MARIA RAYNOR et al., Respondents.

An order of General Term affirming an interlocutory judgment is not appealable.

*It seems,* that the party aggrieved must wait until final judgment is entered, when he may either appeal directly to this court (Code of Civil Procedure, § 1336), in which case the appeal will bring up for review only the determination of the General Term, affirming the interlocutory judgment, or he may appeal to the General Term (§ 1350), which appeal will bring up for review only the proceedings after the interlocutory judgment, and in case of affirmance he may appeal to this court, which appeal will present for review all the questions of law involved in the whole case.

*It seems* also, that where the General Term, on appeal from either the interlocutory or the final judgment, grants a new trial, an appeal may be taken to this court (§§ 190, 191).

*It seems,* that a party aggrieved by an interlocutory judgment may also, after entry of the judgment, move for a new trial (§ 1001) on one or more exceptions contained in a case settled as prescribed (§ 997), and from the order granting or refusing the motion an appeal may be taken to this court (§ 190).

(Argued December 4, 1883 ; decided December 14, 1883.)

APPEAL from an order of the General Term of the Supreme Court, in the third judicial department, which affirmed an interlocutory judgment herein.

This action was for the admeasurement of dower. The material facts are stated in the opinion.

*Geo. F. Comstock* for appellant. When the fundamental questions in an action have been decided, but further proceedings are necessary to gather up the details of a litigation so that a final judgment can be pronounced and enrolled, and when a review of a decision is intended, the right to such review ought to exist before going through with the supplemental proceedings. (Code of Civil Pro., § 1001.) The jurisdiction of this court extends to all cases of interlocutory decision not excluded by the qualifying words "substantial rights," and " discretion." (40 How. Pr. 243; 10 Abb. Pr. Cas. [N. S.] 289 ; 11 id. 29.) When the General Term has effectually decided a case while it was in an interlocutory condition, then in an appeal from the final judgment afterward entered, one need not go again to the General Term to obtain a repetition of its decision. (36 N. Y. 619; 62 id. 250 ; 86 id. 162–167 ; Code of Civil Pro., § 1336.)

*D. Pratt* for respondents. This is an interlocutory judgment from which there is no appeal to this court. (Code. § 190 ; *Walker* v. *Spencer*, 86 N. Y. 162 ; *Barker* v. *Cocks,* 50 id. 689 ; *Catlin* v. *Grisler*, 57 id. 353.)

EARL, J. The learned counsel for the defendants makes a preliminary objection that the appeal to this court is unauthorized, and we are of that opinion.

The judgment entered at the Special Term was not a final, but an interlocutory judgment. It appointed a referee who was to take an account of rents and profits, and improvements upon land, and ascertain the present value of dower, and upon payment by the plaintiff of a certain sum to be ascertained by the referee in the mode specified in the judgment, he, the referee, was to admeasure her dower ; and he was to report the evidence taken by him with his findings thereon to the court ; and all other questions were reserved until the coming in of such report, and the final hearing thereon.

There is but one case in which this court has jurisdiction to entertain appeals from any but final judgments, and, that is provided for in subdivision 4 of section 190 of the Code. It is the general rule also that appeals from judgments in the Supreme Court, and the superior city courts to the general terms are confined to final judgments (§ 1346). But special provision is made by section 1349 for appeals to the General Terms from interlocutory judgments. There is, however, no provision anywhere authorizing such appeals to this court.

If upon the appeal from an interlocutory judgment to the General Term the judgment is affirmed, then the parties must go back to the Special Term and complete the further proceedings, and then final judgment may be entered upon the whole case. From the final judgment the party aggrieved thereby may, under section 1336, appeal directly to the Court of Appeals, in which case the appeal will bring up for review only the determination of the General Term affirming the interlocutory judgment ; or he may, under section 1350, appeal to the General Term, which appeal will bring up for review only the proceedings to take the final judgment ; and in case the General Term affirms the judgment, he may appeal to this court, and here present for review all the questions of law involved in the whole case, and raised by exceptions taken at the proper time.

In case the General Term upon an appeal from an interlocutory judgment, as upon appeal from a final judgment, grants a new trial, then under sections 190 and 191, an appeal may be taken to this court.

But another course of practice is open to a party aggrieved by an interlocutory judgment. He may, after the entry of the judgment, under section 1001, move at the General Term for a new trial upon one or more exceptions contained in a case to be settled as provided by section 997; and in case the motion is granted or refused, an appeal may be taken to this court under section 190. But if no appeal is taken to this court from an order denying a new trial, then the practice must again conform to sections 1336 and 1350.

The learned counsel for the appellant claims that there is no practical difference between an appeal from an interlocutory judgment and a motion for a new trial at the General Term, as there is always in effect a motion for a new trial upon the argument of such an appeal. The difference between the two may not be very great, and in some cases may be wholly unimportant. But the Code, in all its provisions, recognizes a difference between appeals and motions for new trials (Code, §§ 190, 191, 999, 1001, 1002, 1003, 1004, 1336, 1350); and we in a very pointed manner recognized the difference in the case of *Walker* v. *Spencer* (86 N. Y. 162). In that case there was an interlocutory judgment with which both parties were dissatisfied. The plaintiff appealed from the interlocutory judgment to the General Term, and the defendant moved at the General Term, under section 1001, for a new trial. The General Term affirmed the judgment and denied the motion for a new trial, and then both parties appealed to this court; and here we dismissed the appeal of the plaintiff on the ground that an appeal to this court from an interlocutory judgment was unauthorized; and we held the defendant's appeal proper and affirmed the order denying the new trial. In the case of *Bennett* v. *Austin* (81 N. Y. 308) the appeal to this court was from an order of the General Term of the Supreme Court denying a motion for a new trial made under section 268 of the Code of Proced-

ure which was substantially like section 1001 of the Code of Civil Procedure, and hence we properly entertained the appeal. But there is this difference between an appeal 'from an interlocutory judgment and a motion for a new trial under section 1001. The motion must be based upon one or more exceptions, and hence can present only questions of law. The appeal brings to the General Term for review both questions of law and fact. Hence the appeal always brings up the same questions which can be presented upon the motion, but the motion does not always present the same questions which can be argued upon the appeal.

We are not concerned with the wisdom or utility of the provisions which we have referred to. They are plain and must control. (*Barker* v. *Cocks*, 50 N. Y. 689; *Catlin* v. *Grissler*, 57 id. 363; *Mundorff* v. *Mundorff*, 59 id. 635; *Elwell* v. *Johnson*, 74 id. 80; *Chesterman* v. *Eyland*, 74 id. 452; *Cambridge Valley Nat. Bank* v. *Lynch*, 76 id. 514, 516; *Victory* v. *Blood*, 93 id. 650.)

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.