CHARLES McKEOWN *et al.*, Respondents, *v.* JOHN OFFICER, as Executor, etc., *et al.*, Appellants.

*Court of Appeals, October 6, 1891.*

1. *Judgment. Interlocutory.*—A judgment which, though finally determining certain matters in controversy, orders an accounting before a referee, is an interlocutory, not a final, judgment.
2. *Appeal. Appealable.*—An appeal can not be taken to the court of appeals from an interlocutory judgment.
3. *Same.*—The objection that it is not appealable may be raised and decided upon the main appeal or by motion to dismiss the appeal upon that ground.

This is an appeal from the affirmance of a judgment in favor of plaintiffs entered upon a decision of the court at special term.

*Jacob Brenner* (*Charles J. Patterson* of counsel), for respondents.

*Henry Marshall*, for appellants.

POTTER, J.—The respondents upon the argument of the appeal raised the preliminary objection that the judgment of the general term affirming the judgment of the special term was not appealable to this court, that the judgment required an accounting to be had in accordance with certain principles of law declared in the special term judgment, appointed a referee for that purpose and required him to make a report thereof to that court.

The appeal to this court was taken before the coming in of the referee's report, and so far as appears from the record presented to this court, no report of the referee has been made and no judgment has been entered upon any report by the referee.

The first question to be considered upon this appeal is whether the judgment of the general term is appealable to this court and the determination of that question depends upon the nature and character of that judgment, whether it is interlocutory or final.

The rule limiting appeals to this court to final judgments has prevailed for a long time, and the provisions of the various Codes, while shifting in many, has been steady in this respect, and this proposition is supported by an unbroken current of authorities, as is illustrated in a few of the cases herein cited.

In the case of Victory *v.* Blood, 93 N. Y. 650, the decision as expressed in the syllabus of the report is as follows: " An appeal may be taken to the general term from an interlocutory judgment, but such judgment can only be reviewed in this court on appeal from the final judgment." In King *v.* Barnes, 107 N. Y. 645; 11 N. Y. State Rep. 764, this court held: " An appeal may not be taken to this court from an

interlocutory judgment. A judgment which, although it finally determines certain matters in controversy, orders an accounting before a referee, is an interlocutory judgment."

The judgment under review contains or presents both features of that proposition, viz.: the determination of certain matters of law in controversy between the parties, and orders an accounting before a referee upon the principles laid down or declared in the judgment.

Judge EARL, in writing the opinion of the court in Raynor *v.* Raynor, 94 N. Y. 248, uses this language: " There is, however, no provision anywhere authorizing such appeals to this court," and adds, " we are not concerned with the wisdom or utility of the provisions which we have referred to. They are plain and must control."

The last case was an action for the admeasurement of dower requiring, and the interlocutory judgment required, proof to be taken before a referee and a report thereof to be made to this court.

In Walker *v.* Spencer, 86 N. Y. 162, the judgment of the special term required an accounting to be taken before a referee in accordance with the provisions of the judgment of the special term. Before the accounting had been made, the report of the referee filed, or any judgment had been entered upon such report, an appeal was brought from such judgment to this court and Judge RAPALLO, in delivering the opinion of the court, uses this language: " This appeal cannot be entertained. There is no provision of law which authorizes an appeal to this court from an interlocutory judgment, or from an order affirming such a judgment. The appeal on this ground must be dismissed."

In Cambridge Valley National Bank *v.* Lynch, 76 N. Y., 516, Judge MILLER, in delivering the opinion of the court, uses this language: " An interlocutory judgment is an intermediate or incomplete judgment where the rights of the parties are settled but something remains to be done. As when there is an accounting to be had, a question of damages to be

ascertained, or a reference required to determine the amount of rent due for use and occupation."

The case of Clark *v.* Brooks, 2 Abb. N. S. 385, and Tompkins *v.* Hyatt, 19 N. Y., 534, hold the same proposition. In the latter case Judge DENIO, in delivering the opinion of this court, held " that a judgment is not final so long as there may be further litigation under its provisions," and cites numerous cases in support of that proposition.

In Tilton *v.* Vail, 117 N. Y. 520 ; 27 N. Y. State Rep. 842, the court held that this principle applied also to actions for partition and that the court of appeals had no jurisdiction to review an interlocutory judgment even under the provisions of the Code applicable to actions for partition.

From the cases cited and other cases upon the subject or question under consideration, I feel constrained to hold that the judgment in this case is in its nature an interlocutory judgment and not final, and is not appealable to the court of appeals. I am also constrained to hold, in view of the circumstances under which this question has arisen, that the objection that it is not appealable may be raised and decided upon the main appeal or by motion to dismiss the appeal upon that ground. The cases in which the course of raising the question upon the argument of the appeal was adopted are quite, if not more, numerous than those in which a motion was resorted to to raise the question and the cases above cited illustrate the correctness of this statement.

As the appeal must be dismissed for this reason and in accordance with the respondent's contention, there is no use or propriety in examining and deciding other numerous and interesting questions upon the merits of the case.

The appeal, therefore, should be dismissed, with costs. All concur.

---

NOTE.

An appeal does not lie to the court of appeals from an interlocutory judgment sustaining a demurrer. Johnson *v.* U. S. & S. Co., 125 N. Y. 720.

Nor is there any appeal to the court of appeals permitted from an inter-