Per Curiam.
This motion is based upon the position that the statutory foreclosure of the mortgage in question is not binding on the assignee in bankruptcy, because a copy of the notice of sale was not served upon him.
' The date of the first publication of the notice was March 27, 1879, but the assignee was not appointed until April 11, 1879. The conveyance from the register to the assignee (U. S. R. S., § 5044), was made about April 17, 1879, and it does not appear •that it was ever recorded in the county where the premises are-situated.
The assignee was a “subsequent grantee” within the meaning, of the statute authorizing the foreclosure of mortgages by advertisement that was in forcé at the date of the foreclosure under consideration. 3 R S. (6th ed.), 847, § 3 ; Laws 1844, chap. 346, § 1; Code Civ. Pro., § 2388. That statute required service of the notice of sale upon a subsequent grantee only in case his conveyance was “ upon record at the time of the first publication, of the notice.” Id.; Decker v. Boice, 19 Hun, 152; 83 N. Y., 215; Raynor v. Raynor, 21 Hun, 36; 94 N. Y., 248.
The motion should, therefore, be denied, with costs.
All concur. _