Edgar L. Ridgway, as Temporary Administrator of the Estate of William L. Muller, Respondent, *v.* Charles P. Bacon, Appellant, Impleaded with Others.

*Order on demurrer, and interlocutory judgment — appeal — defective record.*

An appeal from an order overruling a demurrer, and from the interlocutory judgment entered thereon, must be stricken from the calendar when the record does not contain the judgment, and does not show that the order and judgment have been entered.

A recital in a notice of appeal, that it is from an interlocutory judgment entered on a day named, is not sufficient evidence of the judgment, or of its entry, to enable an appeal therefrom to be heard.

Appeal by the defendant, Charles P. Bacon, from an order of the Supreme Court, made at the New York Special Term, overruling his demurrer to the complaint, and from the interlocutory judgment, stated in the notice of appeal to have been entered upon the order on the 28th day of November, 1892.

*Charles Donohue*, for the appellant.

*Sumner C. Chandler*, for the respondent.

Follett, J. :

The appellant demurred to the complaint upon two grounds : (1) That causes of action have been improperly united. (2) That the complaint does not state facts sufficient to constitute a cause of action.

The Special Term ordered : " That said demurrer be overruled and that plaintiff have judgment thereon for the relief demanded in the complaint ; but with leave to the defendant to withdraw his demurrer and put in an answer within twenty days, on payment of costs as taxed herein by the clerk of this court." This order is dated October 4, 1892, but when it was entered does not appear. An order cannot be appealed from until after it is entered. (*Matter of The N. Y. Cen. & H. R. R. R. Co.*, 60 N. Y. 112.)

December 15, 1892, the defendant appealed " from the order overruling the demurrer and the interlocutory judgment entered herein upon the order of Mr. Justice Ingraham, on the 28th day of November, 1892, and from each and every part thereof." No inter-

locutory judgment is contained in the record, and the only evidence that we have that one has been entered is the recital in the notice of appeal. This is not sufficient, and the court cannot review a judgment not before it. An appeal does not lie from an order sustaining or overruling a demurrer before the entry of an interlocutory judgment thereon, when both may be appealed from. (*Cambridge Valley National Bank* v. *Lynch*, 76 N. Y. 514 ; *Welch* v. *Platt*, 32 Hun, 194 ; *Miller* v. *Sheldon*, 15 id. 220 ; *Lacustrine F. Co.* v. *Lake Guano, etc., Co.*, 16 id. 484 ; *Garner* v. *Harmony Mills*, 13 J. & S. 148 ; Baylies on New Trials & App. 50.)

*Hand* v. *Supervisors of Columbia County* (31 Hun, 531) is overruled.

The order overruling the demurrer and an interlocutory judgment may have been entered, but, if so, the facts are not disclosed by the record, and the appeal cannot be heard. The case should be stricken from the calendar, and leave granted the appellant to print new papers disclosing the true state of the record in this action. No motion having been made by the respondent to dismiss the appeal, or strike it from the calendar, no costs are allowed.

Van Brunt, P. J., and O'Brien, J., concurred.

So ordered.