### MORRIS et al. v. HUNKEN et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. PLEADING—COMPLAINT—DISMISSAL—MUNICIPAL COURT.

Though Greater New York Charter, § 1369, makes the provisions of the consolidation act relating to district courts applicable to the municipal court, and Code Civ. Proc. § 3126, relating to justices' courts in Brooklyn, and corresponding to Consolidation Act, § 1383, provides for the filing of a verified answer to a verified complaint, defendant may object that the complaint, though true, creates no liability in him; and his motion to dismiss the complaint on that ground should be treated as a demurrer.

2. EXECUTORS—CAPACITY—ACTIONS—UNDERTAKING ON APPEAL.

Suit on an undertaking on appeal may be brought by executors in an individual capacity, though it was given upon a judgment recovered by them as executors.

3. UNDERTAKING ON APPEAL—LIABILITY OF SURETIES—EXECUTORS.

In a suit by executors on an undertaking given on appeal from a judgment in their favor, the probate of the will and the issuance of letters testamentary need not be shown, as defendants are concluded on that question by the recovery of the judgment, and their execution of the undertaking on appeal from it.

4. SAME—EXECUTION—ISSUANCE.

A complaint on an undertaking on appeal from the municipal court need not allege the issuance of execution by the county clerk, where the judgment, the amount of which is sought to be recovered, is not the judgment of the justice, but that of the court on appeal.

5. SAME—RIGHT TO RECOVER.

In an action on an undertaking on appeal from a judgment awarding possession of demised premises, an objection good as to the allegations of the complaint respecting a recovery of the amount of the undertaking does not prevent plaintiff from recovering rent that accrued during the appeal; provision having been made in the undertaking for payment thereof.

6. SAME—ACTIONS ON CONTRACT—MUNICIPAL COURT.

An undertaking on appeal is a contract, and an action thereon falls within Code Civ. Proc. § 3126, relating to proceedings in actions on contract in justices' courts in Brooklyn, and providing that judgment shall be rendered on a verified complaint, without proof, where no verified answer is filed.

Appeal from municipal court, borough of Brooklyn, First district.

Action by John Morris, Jr., and another, executors, against Nicholas F. Hunken and another. Judgment for defendants, and plaintiffs appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Arnold Charles Weil, for appellants.
Charles J. Belfer, for respondents.

WOODWARD, J. The plaintiffs in this action, as landlords, brought a special proceeding against Frederick Glaser, tenant, for the possession of certain premises in Brooklyn; and on or about the 18th day of August, 1898, a final order or judgment was made, awarding possession to the plaintiffs. From this judgment, Frederick Glaser appealed; the defendants, it is alleged in the complaint, making and filing their written undertaking, whereby they jointly and severally undertook, in the sum of $175, that if judgment was rendered against the appellant, and execution issued thereon was returned unsatisfied, wholly or in part, they, the said defendants, would pay the amount of the judgment, or the portion thereof remaining unsatisfied, and also that, if a final determination was rendered against the appellant, he would pay all rent accruing or to accrue upon the said premises subsequent to the execution of this special proceeding. Upon the appeal being heard, the judgment of the court below was affirmed, and a final determination was rendered against the appellant. An execution was caused to issue, which it is alleged in the complaint has been returned wholly unsatisfied; and the present action was brought to recover the amount secured by the undertaking, the demand being for $175, together with the costs of the action. The plaintiffs served their summons, with a verified complaint, on the 28th day of December, 1898, returnable on the 6th day of January, 1899. On the return day the defendants appeared by counsel, and, without putting in a verified answer, moved to dismiss the complaint (1) "on the ground that the complaint shows that, if this action is maintainable, it should be brought by the plaintiffs as executors of John Morris, deceased. The summons and complaint show that the action is brought in an individual capacity, and not in a representative capacity, and that the words, 'executors of John Morris, deceased,' are simply descriptive,— personally descriptive." (2) "That the complaint does not show that the will appointing these executors was probated, and that letters testamentary were issued, giving the plaintiffs power to sue as executors. Furthermore, the complaint does not show that letters testamentary were issued by the surrogate of the state of New York." (3) That "the complaint does not state facts sufficient to constitute a cause of action, for the following reasons: It does not allege that a demand was made upon these defendants for the payment of the money alleged to be due, and a refusal. The complaint does not show that the money was still due and owing. The complaint does not show that the judgment wherein the execution was issued was ever docketed with the clerk of the county of Kings, and no execution can be issued until so docketed. The complaint does not allege that the undertaking sued upon in this action was made to run in favor of these plaintiffs, or that the sureties agreed to pay anything to the plaintiffs in this action." The court dismissed the complaint, declaring that "the first motion is sufficient"; and the plaintiffs appeal, urging that under the provisions of section 1369 of the Greater New York charter, which makes the provisions of the consolidation act relating to district courts applicable to the municipal court (section 1383 of that act corresponding with section 3126 of the Code of Civil Procedure), the plaintiffs having served a verified complaint, they

were entitled to a judgment, in the absence of a verified answer by the defendants. We think the notice of appeal is sufficient to bring this case before this court for review.

Section 3126 of the Code of Civil Procedure must not be construed too literally. Apparently, to prevent a judgment being taken against him, where a complaint in the justice's court is verified, the defendant must file a verified answer, either denying the allegations of the complaint, or setting up new matters of defense. The complaint may be entirely true, and there may be no new matter to set up in avoidance of it. Nevertheless the facts stated in the complaint may create no liability on the part of the defendant. This objection the defendant has an inherent right to raise, of which he cannot be deprived by any provisions of a practice act. The motion to dismiss the complaint should therefore be treated as a demurrer. But we think the demurrer to the complaint was not well taken. Though the undertaking was given upon a judgment recovered by the plaintiffs as executors, still it could have been enforced by the plaintiffs in a suit in their individual capacity (Thompson v. Whitmarsh, 100 N. Y. 35, 2 N. E. 273); and it was neither necessary to allege nor prove the probate of the will, and the issue of letters testamentary, as the defendants were concluded on that question by the recovery of the first judgment, and their execution of the undertaking on appeal from it. Neither is the objection well taken that the complaint failed to allege the issue of an execution on the judgment of the appellate tribunal by the county clerk. The judgment, the amount of which is sought to be recovered from the defendants, was not the judgment rendered by the justice, to which section 3017 of the Code applies, but the judgment of the court on appeal. Further, if the objection had been good to the allegations of the complaint respecting this item of recovery, it certainly did not prevent the plaintiffs from recovering the rent that accrued during the appeal. Beyond all this, by section 2939 of the Code (made applicable to the courts of this city by section 1347 of the consolidation act), had the court deemed the demurrer well founded, it was required to permit the complaint to be amended; and it could not have dismissed the complaint, or rendered judgment for the defendants, without giving the plaintiff such an opportunity.

The question whether the plaintiffs could have recovered judgment on their verified complaint without proof before the justice of their cause of action does not arise in the case. The plaintiffs were not given any opportunity to prove their case. Their complaint was dismissed on the motion of the defendants, not for a failure to give proof before the justice, but because the complaint did not state facts sufficient to constitute a cause of action. Further, we are of opinion that an undertaking given on appeal is a contract, within section 3126 of the Code. Montegriffo v. Musti, 1 Daly, 77.

The judgment appealed from must be reversed, and a new trial granted, with costs to the appellants. All concur.