SMITH v. ELY et al.

(Supreme Court, Appellate Term. February 23, 1905.)

1. MUNICIPAL COURT—APPEAL—JUDGMENT.

Under Municipal Court Act (Laws 1902, p. 1587, c. 580), contemplating the entry of judgment on demurrer, where the record discloses only an order sustaining a demurrer, without a judgment, an appeal cannot be heard.

2. SAME—APPEALABLE ORDERS.

The Supreme Court's power to entertain appeals from the Municipal Court is purely statutory, and only such orders are appealable as are enumerated in Municipal Court Act, §§ 253-257 (Laws 1902, pp. 1562, 1563, c. 580).

3. SAME—DISMISSAL.

Though the practice in the Municipal Court might be assimilated with that of the Supreme Court, under Municipal Court Act, § 20 (Laws 1902, p. 1496, c. 580), an appeal must be dismissed when the record does not contain a judgment.

4. SAME—NOTICE OF APPEAL—RECITAL OF JUDGMENT.

Where the record does not contain a judgment, a recital of a judgment in the notice of appeal is not sufficient, as the court cannot review a judgment not before it.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Bessie Smith against Horace S. Ely and others. From an order sustaining a demurrer to the complaint, plaintiff appeals. Dismissed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Joseph Gans, for appellant.
Elbert B. Hamlin, for respondents.

GIEGERICH, J. The notice of appeal recites that the plaintiff appeals "from the order and judgment entered herein sustaining the demurrer of the defendants to the plaintiff's complaint." The record, however, discloses that the only step taken in the lower court was the entry of an order sustaining such demurrer, and granting leave to the plaintiff to file an amended complaint upon terms, and that no judgment was ever entered upon such order.

Section 334 of the Municipal Court act (Laws 1902, p. 1587, c. 580) clearly contemplates the entry of a judgment upon a demurrer; and, unless such act contains a provision for the taking of an appeal from an order sustaining or overruling a demurrer, the appeal cannot be heard. Our attention has not been called to any, nor have we been able after diligent search to discover any such provision.

The power of the Supreme Court to entertain appeals from the Municipal Court is purely statutory. Pascocello v. Brooklyn Heights R. Co., 26 Misc. Rep. 412, 56 N. Y. Supp. 177; Leavitt v. Katzoff, 43

Misc. Rep. 26, 86 N. Y. Supp. 495. And only such orders are appealable as are enumerated in sections 253, 254, 255, 256, and 257 (pages 1562, 1563) of the said act. Leavitt v. Katzoff, supra.

If it could be said that by virtue of section 20 of the Municipal Court act (Laws 1902, p. 1496, c. 580), the practice in the Municipal Court might be assimilated with that of the Supreme Court, the appeal must nevertheless be dismissed, as the record does not contain a judgment. Cambridge Valley National Bank v. Lynch, 76 N. Y. 514; Ridgway v. Bacon, 68 Hun, 506, 22 N. Y. Supp. 1016. See McKeown v. Officer, 127 N. Y. 687, 28 N. E. 401.

The mere recital of a judgment in the notice of appeal is not sufficient, since the court cannot review a judgment not before it. Ridgway v. Bacon, 68 Hun, 506, 22 N. Y. Supp. 1016.

The appeal should therefore be dismissed, with costs.

Appeal dismissed, with costs. All concur.