## KEMP v. TONNELE CO.

### (Supreme Court, Appellate Term.　June 28, 1906.)

1. APPEAL—DECISIONS REVIEWABLE—RULING ON DEMURRER.

　　Where a demurrer to the complaint was overruled, and after trial judgment rendered against defendant, and he appealed from the entire judgment, no judgment having been entered overruling the demurrer, the ruling thereon was not reviewable.

2. SAME—RIGHT OF REVIEW—WAIVER—ACQUIESCENCE IN DECISION.

　　Where defendant, after the overruling of a demurrer to the complaint, interposed an answer and proceeded to trial, the ruling on the demurrer was not reviewable on appeal.

　　[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 959.]

3. JUDGMENT—CORRECTION IN SAME COURT—AMOUNT OF RECOVERY.

　　Though a summons called for recovery of a certain amount, the complaint and proof having clearly shown a greater amount due, and judgment having been rendered for plaintiff only for the amount claimed in the summons, the mistake in computation should have been corrected on plaintiff's motion.

　　[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 610.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John M. Kemp against the Tonnele Company, in which judgment was rendered in favor of plaintiff, and he appeals from an order denying a motion to increase the judgment, and defendant appeals from the judgment. Affirmed on the defendant's appeal, and on plaintiff's appeal the judgment increased.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

William A. Hayes, for appellant.

Purdy, Squire & Rowe, for respondent.

LEVENTRITT, J.　On October 24, 1904, the parties entered into a written agreement whereby the services of the plaintiff were engaged by the defendant for one year from that date, and the compensation fixed at a weekly salary of $30, together with a commission of 10 per cent. The contract was fully performed by the plaintiff, but he received no pay for the last 16 weeks. He sues to recover the salary earned during that period. The pleadings are verified. The defendant entered a demurrer to the sufficiency of the complaint. The demurrer was overruled, and then the defendant interposed an answer, wherein it admits the making of the contract, but pleads that it was abrogated on

July 31, 1904, and an oral agreement substituted whereby the provision for salary was eliminated and the commission increased to 15 per cent. No judgment was entered on the demurrer.

The only substantial issue litigated on the trial was the cancellation of the original written contract and the adoption in its stead of a subsequent parol agreement. The plaintiff's insistence that there had been no change was well supported by the surrounding circumstances, and was not so clearly overcome by the testimony of the two interested witnesses to the contrary as to justify the conclusion that a new contract was made. The learned justice was fully warranted in accepting the plaintiff's denial, in holding that the original contract was continued in force for the full period, and consequently in awarding a judgment in favor of the plaintiff for $450, the amount claimed in the summons, together with interest and costs, in all $497.15. Several days after the trial, the plaintiff discovered that the nonpayment of his salary for 16 weeks entitled him to a recovery of $480, and he thereupon moved that the judgment be increased accordingly. The denial of that motion led to an appeal on his part, while the defendant appeals from the entire judgment as entered, and at the same time seeks to review the adverse decision on the question of law raised by its demurrer. For two reasons we cannot entertain the latter branch of the appeal: No judgment was entered overruling the demurrer, and the defendant submitted to the decision, interposed an answer, and proceeded to the trial of the facts. As we cannot consider the outcome of the demurrer, and, as already indicated, the plaintiff was entitled on the merits to the judgment rendered in his favor, the defendant's appeal must fail. Although the summons called for a recovery of only $450, the complaint and the proof clearly showed unpaid salary for 16 weeks at the rate of $30 a week, or a total of $480. The obvious mistake in computation should have been corrected, and the judgment increased by the addition of $30.

The judgment should be affirmed on the appeal of the defendant, with costs of appeal to the plaintiff; and, on his appeal, the judgment should be increased to $527.15, without costs of appeal. All concur.