1. COURTS—MUNICIPAL COURTS—PRACTICE—PLEADING—DEMURRER—MOTION FOR DISMISSAL.

Though Municipal Court Act, Laws 1902, p. 1536, c. 580, § 145, subd. 2, provides that in all cases where a written complaint is served with a summons a written answer or demurrer must be filed, a defendant may raise the sufficiency of a complaint by motion for a dismissal of the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and such a motion will be treated as a demurrer.

2. APPEAL—APPEALABLE ORDERS—ORDERS GRANTING MOTION FOR DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND.

An order of the Municipal Court granting a motion for a dismissal of the complaint on the ground that it does not state facts sufficient to constitute a cause of action with leave to plaintiff to amend is not appealable.

3. SAME—ORDER SUSTAINING OR OVERRULING DEMURRER.

No appeal lies from an order of the Municipal Court sustaining or overruling a demurrer.

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by George Brown against Louis Reiter. From an order of the Municipal Court granting a motion for a dismissal of the complaint, with leave to plaintiff to serve an amended complaint on terms, plaintiff appeals. Appeal dismissed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

Nathan Waxman, for appellant.
Charles Stein, for respondent.

McCALL, J. Upon the opening of the trial in this case, the defendant moved for a dismissal of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. This motion was granted, with leave to the plaintiff to serve an amended complaint upon payment of $5 costs to the defendant, and an order was entered to that effect, and from that order the plaintiff appeals. The complaint was a verified one, and was served with the summons.

Subdivision 2 of section 145 of the Municipal Court act (Laws 1902, p. 1536, c. 580), provides that:

"In all cases where a written complaint verified or unverified is served with the summons, a written answer, verified if the complaint be verified or a written demurrer must be filed," etc.

This subdivision is no more explicit in its terms as to the method of testing the sufficiency of a complaint than section 3126 of the Code of Civil Procedure relative to the practice in Justice's Courts in the city of Brooklyn, formerly in force, and under that section it was held that the defendant had an inherent right to raise the question of the sufficiency of the complaint by motion (Morris v. Hunken, 40 App. Div. 129, 131, 57 N. Y. Supp. 712), and that such a motion should be treated as a demurrer. Treating it as a demurrer, a judgment should have been entered thereon from which an appeal could have been taken. The order appealed from is not one of the orders from which an appeal may be taken. Leavitt v. Katzoff, 43 Misc. Rep. 26, 86 N. Y. Supp. 495. Neither does an appeal lie from an order sustaining or overruling a demurrer. It must be taken from the judgment. Smith v. Ely (Sup.) 92 N. Y. Supp. 310.

Appeal dismissed, with $10 costs.

GILDERSLEEVE, J., concurs.

LEVENTRITT, J. I concur, on the ground that an appeal does not lie from an order sustaining a demurrer.