ALLEN v. FLYNN.

(Supreme Court, Appellate Term. December 11, 1906.)

ATTORNEY AND CLIENT—ACTION FOR SERVICES—JUDGMENT.

Where, in an action by an attorney for services in preparing articles of incorporation, the evidence showed that the agreed price thereof was a certain sum, but defendant contended that plaintiff was to be one of the incorporators and his claim not to be paid until the company was formed, and that the company never did any business, a judgment for plaintiff for a less sum than that agreed was erroneous.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by James A. Allen against Daniel Flynn. Plaintiff appeals from a judgment in his favor granting insufficient relief. Judgment increased and affirmed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Willard S. Allen, for appellant.

GILDERSLEEVE, J. The plaintiff appeals from a judgment rendered in his favor. The plaintiff is an attorney and counsellor at law, and testified that he was employed by the defendant to prepare the articles of incorporation for a corporation to be known as the Flynn Contracting & Construction Company, of which the defendant was to own a large number of shares; that he prepared the articles; that they were executed by the incorporators, and that the defendant then asked his price for such services, and was informed that it would be $250; that the defendant then asked plaintiff to advance sufficient money to pay the necessary fees for filing the papers, which was done by plaintiff and which amounted to the sum of $38.26, for both of which amounts the defendant promised to send his check the next day. Later, and on February 1, 1906, the plaintiff mailed his bill for said amounts to the defendant, which he retained, and made no objection thereto down to the time of the trial in June. In this statement the plaintiff was corroborated by one witness. Upon the trial the defendant was the only witness sworn in his own behalf, and his contention was that the plaintiff was to be one of the incorporators, and that his claim for services and disbursements was not to be paid until the company was formed, and that said company never did any business. The trial justice evidently believed the plaintiff's version, but gave him a judgment for the sum of $138.26 only. There is no foundation in the evidence for such a judgment. There is no dispute but that the plaintiff's services were agreed upon at the sum of $250, nor that the disbursements were $38.26; and the court below, having found in favor of the plaintiff upon a disputed question of fact, should have rendered judgment for the proven amount of plaintiff's claim, viz., $288.26 damages and $6.24 interest, making in all the sum of $294.50. See Kemp v. Tonncle Co. (Sup.) 99 N. Y. Supp. 885.

Judgment increased to the sum of $294.50, with appropriate costs in the court below, and, as increased, affirmed, with costs. All concur.

