(88 Misc. Rep. 91)

WIESENBERG v. ROSENBERG et al.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

COURTS (§ 190*)—MUNICIPAL COURTS—ORDERS APPEALABLE—SUSTAINING DE-
MURRER TO COMPLAINT—JUDGMENT—NECESSITY.

Under Municipal Court Act (Laws 1902, c. 580) § 145, providing that, where a demurrer is interposed and disallowed, the court must, notwithstanding the return day has passed, grant leave to plead as if no demurrer had been interposed, and section 334, declaring that, when a judgment is rendered on a trial of a demurrer, the prevailing party shall recover costs, etc., the rendition of a judgment on the sustaining of a demurrer to a complaint is contemplated, and no appeal can be taken from a mere order entered on the summons, to wit, "Demurrer sustained," without the rendition of a judgment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Sidney L. Wiesenberg against Walter Rosenberg and others. From a Municipal Court order, sustaining a demurrer to plaintiff's complaint, he appeals. Dismissed.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Robert Seelav, of New York City (Sanford H. Cohen, of New York City, of counsel), for appellant.

Joseph B. Rosenback, of New York City, for respondent.

PER CURIAM. This is an appeal from an order of the Municipal Court sustaining a demurrer to the plaintiff's complaint. The order appealed from is merely an indorsement upon the summons of the words, "Demurrer sustained." No formal order and no interlocutory judgment is in the record. This court has repeatedly held that no appeal will lie from an order of this character. Smith v. Ely, 46 Misc. Rep. 458, 92 N. Y. Supp. 310; Muttart v. Muttart, 93 N. Y. Supp. 468; Kemp v. Tonnele Co., 51 Misc. Rep. 49, 99 N. Y. Supp. 885; Brown v. Reiter, 51 Misc. Rep. 646, 99 N. Y. Supp. 861; Siegel v. Cantwell, 132 N. Y. Supp. 1146; Binder v. Robinson, 59 Misc. Rep. 155, 110 N. Y. Supp. 229; McManus v. McManus (October, 1914, Appellate Term) 150 N. Y. Supp. 87, not yet officially reported.

Section 334 of the Municipal Court Act provides: "Where a judgment is rendered on the trial of a demurrer, the prevailing party shall recover * * * costs, etc." This clearly intimates that a judgment, without calling it interlocutory or final, is contemplated. And section 145 provides that, "where a demurrer is interposed and disallowed, the court must, notwithstanding the return day has passed, grant leave to plead as if no demurrer had been interposed." Such disposition of a demurrer is necessarily interlocutory in its nature. It cannot be a final judgment, else there would be no leave given to plead over; and as an appeal will lie from such orders only as are mentioned in sections 253–256 of the Municipal Court Act, it follows that, before an appeal can be taken, a judgment must be entered.

Appeal dismissed, with $10 costs.