REUBEN MELENKY, Respondent, v. ASHER P. MELEN, Appellant.

Fourth Department, June 29, 1923.

**Mortgages — action to have deeds absolute on face declared to be mortgages — money was advanced by defendant to plaintiff in real estate transactions and deeds taken in name of defendant — defendant did not acquire title — statement by plaintiff that property was to be divided among children after his death did not create trust — plaintiff's acceptance of and recording deed from defendant granting plaintiff life estate in property not accord and satisfaction, estoppel or unconscientious conduct depriving him of relief — permission to appeal to Court of Appeals granted.**

In an action to have certain deeds absolute on their face declared to be mortgages, it appeared that the defendant, who is a son of the plaintiff, advanced money to the plaintiff at different times to enable the plaintiff to purchase real estate;

that some of the deeds to the lands purchased by the plaintiff were taken in defendant's name; that the method of doing business between the parties was very informal; that the plaintiff at all times had control of the property, received the rents and income therefrom and made improvements thereon as though it were his own; that the final transfer of property was made by the plaintiff to the defendant after the plaintiff had become involved in a law suit; that the defendant treated the money paid by him to the plaintiff as loans; that the plaintiff stated at one time that the property was to be divided among all his children in case anything happened to him; that the children undertook to adjust the differences between the plaintiff and defendant and reached a tentative agreement whereby the defendant executed a deed to the plaintiff for the life use of the property, the fee to be equally divided among the children; that the plaintiff, without the knowledge of the defendant or other children, secured the possession of the deed and recorded it.

*Held*, that the transfers made by the plaintiff to the defendant though in form deeds absolute were in fact mortgages to secure the money advanced by the defendant to the plaintiff;

That a trust was not created in favor of the children by plaintiff's desire or intention that they should have a share in the property if anything happened to him.

The act of the plaintiff in securing the deed of the life use and recording it did not constitute an accord and satisfaction and was not such a recognition of defendant's title as to estop the plaintiff from maintaining this action, nor was his conduct so unconscionable or unjust as to deprive him of relief. But as to these questions the defendant should have the right, in the interest of substantial justice, to appeal to the Court of Appeals and permission is granted to him to do so.

MOTIONS by the defendant, Asher P. Melen, (1) for a reargument of an appeal from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 4th day of October, 1922, upon the report of an official referee, (2) for leave 'to appeal to the Court of Appeals, and (3) to amend the order affirming said interlocutory judgment to include additional findings.

*Bowman & Van Schaick* [*George S. Van Schaick* of counsel], for the appellant.

*Lynn Brothers* [*William F. Lynn* of counsel], for the respondent.

DAVIS, J.:

At the March term we affirmed without opinion the judgment of the Special Term entered upon the report of an official referee. (206 App. Div. **649**.)

The learned counsel for the appellant urges with great earnestness that we have overlooked important reasons why the judgment should be reversed, based both upon the facts and upon the law, and calls our attention to additional authorities. We have thought it advisable, therefore, to state formally our views concerning this litigation.

The action is brought to have deeds, absolute on their face, declared to be mortgages, and for an accounting between the parties as to transactions concerning the property.

The defendant is the eldest son of plaintiff. They came to this country from Russia when defendant was quite young. Both were uneducated, but their experiences have been similar to those of many others who have sought to improve their condition by coming to this land.

The father engaged in business in Rochester. After some vicissitudes, by good business judgment and thrift, he became possessed of considerable property, both real and personal. The title of his home and of some other property was taken in the name of his wife. The defendant, as soon as he became old enough, sought employment and became a skilled clothing cutter and designer, receiving a substantial salary, and by thrift and economy accumulated savings.

During the period from 1904 to about 1913 as the father proceeded with his scheme of investing in and improving real estate, he obtained money from the defendant from time to time to use with his own to make payments on the purchases or for improvements. Their methods of doing business were informal; they neither kept books nor made written contracts. The title of the real estate known as the " Chatham street property," although purchased by plaintiff, was taken in the name of defendant. The same was true of the " Edwards street property." Title to the " Joseph avenue " or " Caswell court " property was taken by plaintiff. It was improved by building, mortgaged and then conveyed to the son. Similarly, the property known as the " large Front street property " was bought, greatly improved, and subsequently conveyed to defendant.

From their method of dealing without accounts, no one was able to tell with any accuracy how much money was supplied by the defendant at any one time, but the parties agree that the aggregate is about $27,000. While there is no finding as to the value of the real estate in question, the evidence indicates that it was greatly in excess of the amount furnished by defendant, and probably more than $100,000.

Other children had been born to the plaintiff and his wife. In 1912 the wife died, and in January, 1913, the plaintiff went to California, leaving his business in the hands of the defendant and another son, the latter holding a power of attorney which he was to exercise under the advice of defendant. At all times prior to his departure the plaintiff held possession and control of the property and received the rents and income therefrom. While he

was gone the income, not only from his business but from the real estate, was collected by the son having the power of attorney and either sent to the father or held to his account.

While the plaintiff was in California he became involved in a suit brought by a woman for breach of promise of marriage. This it is claimed caused plaintiff to make the final transfer of real estate to defendant. The action resulted in a judgment against him, which was subsequently satisfied by a compromise payment. He married and returned to Rochester, and it appears asked the defendant to reconvey the property, subject to his interest therein for moneys advanced. This the defendant refused to do, and the reason he gave as a witness was on account of the trouble his father got into with the woman in California, and that he could not let him have the property in his name because he was not a responsible man.

The doctrine has been long established in this State that a deed absolute in terms but given simply as security for the payment of money, is a mortgage with all the incidents of that instrument, and the rights and obligations of the parties to the instrument are the same as if the deed had been subject to a defeasance expressed in the body thereof or executed simultaneously with it (*Odell* v. *Montross*, 68 N. Y. 499); and the rule is the same if the deed is made by the debtor to the creditor or by some one else at the debtor's request. (*Weed* v. *Stevenson*, Clarke Ch. 166; 27 Cyc. 993.)

The appellant contends that the plaintiff has not so sustained the burden of proof in this case as to bring himself within the rule that he must establish the facts by proof that is precise, definite and certain.

Each case must be decided, in the light of general rules, on its own facts and circumstances, and whether the evidence in a particular case amounts to proof of the issues tendered, must depend originally upon the sound judgment of the trial court who sees and hears the witnesses, subject to review and re-examination in the appellate court. (*Ensign* v. *Ensign*, 120 N. Y. 655, 656.)

In this case much allowance must be made for the type of the persons involved, their lack of education, their peculiar family relation and their methods of doing business.

The plaintiff was an old man. When called as a witness his memory as to many of the transactions was uncertain or failed entirely. If it had been unsupported by other evidence or by inferences deducible from admitted facts, he could not have succeeded. But the defendant himself in speaking of the money turned over to his father for the purchase of this real estate, calls

4

them " advancements " and " investments," and speaks of the $27,000 as a sum " owed me " and as not having been " repaid." He recognizes the fact, as stated by his father, that if anything happened to him (the father), the property was to be divided among all the children, subject, however, to his investment first being taken out. In a letter written to his father in some Hebrew dialect, according to the interpretation adopted by the trial court as correct, defendant says in referring to the property, " All is yours and is coming to you." We are satisfied that the defendant's attitude and conduct toward the property were inconsistent with any claim of absolute ownership. Neither was there a trust created in favor of the children by plaintiff's desire or intent that they should have a share therein " if anything should happen " to him.

The facts already adverted to, that the plaintiff conducted the negotiations for the purchase of the property, that he controlled and made improvements on it, and received all rents and profits as though it were his own, with the assent and acquiescence of the defendant, are circumstances generally recognized in actions of this character as strong proof that the deed was intended to be only a mortgage. It is not necessary that a personal agreement by the borrower to repay the money be established in precise terms. (*Horn* v. *Ketcltas*, 46 N. Y. 605; *Kraemer* v. *Adelsberger*, 122 id. 467.) Nor is it essential that the agreement to reconvey be explicit, for that may be implied from the facts and circumstances and the relation of the parties.

But the defendant's counsel urges strongly that, even though we view the facts most favorably to the plaintiff, still, he may not maintain this action because he has been guilty of unconscientious and unjust conduct, and is estopped from seeking any rights in this action, and that there has been an accord and satisfaction between the parties.

It seems that in August, 1918, shortly after plaintiff returned from California, some of the children and counsel undertook to adjust the differences of the parties, and they reached a tentative agreement that the defendant should convey a life use of the property in question to the plaintiff, and that the fee should be equally divided among the children, first taking out the sums to which the defendant was entitled by reason of his loans. The plaintiff was evidently advised of this but had not adopted it as his own agreement. Deeds conveying to him the life tenancy had been prepared and executed. Plaintiff went to the office of the attorney who had prepared them, and borrowed them for the ostensible purpose of submitting them to his own attorney for examination. Without communicating the facts to the latter, he directed his attorney to put stamps

on the deeds and record them, which was done. He thereby
became possessed of the life use of the property, and this was
acquiesced in by the defendant. It is claimed this constitutes
accord and satisfaction, and a recognition of the defendant's title,
unconscientious conduct and estoppel.

We do not so view it. We do not approve of the methods
employed, but we cannot say, under the facts, that it so changed
the legal status of the plaintiff that he should be denied his full
rights. He was an old man, practically penniless, and as has
been found, was the owner in fee of the property in question,
subject to the equitable mortgage of the defendant for moneys
advanced. He obtained only part of that to which he was right-
fully entitled.

The agreement, if one was made binding upon the plaintiff,
was never fully consummated. The defendant never carried out
the remaining portions of the agreement and delivered deeds to
his brothers and sister. Instead he says, " The whole transaction
was left open for the final settlement of drawing up the papers."
If the plaintiff had failed in establishing his title, the deeds thus
obtained might have been set aside. It was not an executed
accord and satisfaction. (*Smith* v. *Cranford*, 84 Hun, 318; affd.,
155 N. Y. 640; *Kramer* v. *Heim*, 75 id. 574; *Reilly* v. *Barrett*, 220
id. 170.)

There was never a recognition of legal title in defendant by
plaintiff, and there was no new agreement substituted for plaintiff's
original claim, so the authorities relied on by appellant's counsel
(*Tilyou* v. *Reynolds*, 108 N. Y. 558; *Farnsworth* v. *Boro Oil & Gas
Co.*, 216 id. 40; *Moers* v. *Moers*, 229 id. 294) are not, in our view,
applicable to this state of facts, either on the doctrine of accord and
satisfaction or estoppel.

By the procedure adopted by the trial court with the consent
of both parties, the trial resulted in an interlocutory judgment.
(*Del Genovese* v. *Del Genovese*, 149 App. Div. 266; 1 C. J. 643,
647.) The property rights of the parties have been determined
but the accounting asked in the complaint and necessary under
the proof must still be had to establish the amount of defendant's
claim. There can be no appeal direct to the Court of Appeals
until final judgment, except upon certification of questions by this
court. (Civ. Prac. Act, § 588, subd. 3; Id. § 590; *Walker* v. *Spencer*,
86 N. Y. 162; *Townsend* v. *Van Buskirk*, 162 id. 265; *Young* v.
*Gilmour*, 167 id. 500.) The further evidence to be taken on the
accounting will not affect the legal question now presented, and
would make the record unnecessarily cumbersome.

This litigation in one form or another has presented complicated

questions of law and fact.   (See *Melenky* v. *Melen*, 233 N. Y. 19.)
We think the defendant should have the right, in the interest
of substantial justice, to appeal to the Court of Appeals on certain
questions.   Having affirmed the determination of the main issue
and there being evidence to support it, the Court of Appeals will
not consider that feature of the case.   (*Ensign* v. *Ensign, supra.*)
But we think the defendant is entitled  to present to the Court
of Appeals the questions as to whether there was an actual accord
and satisfaction, whether or not the plaintiff's conduct in taking
and recording the life use deeds was such recognition of defendant's
title, as a matter of law, that he was estopped from maintaining
the action; and whether the plaintiff's conduct was so uncon-
scientious and unjust that the trial court should have refused
him relief.

The court will make and settle new findings as agreed upon by
counsel, and will amend its order accordingly.

All concur.

Motion for reargument denied, with ten dollars costs.   Motion
to amend order of affirmance, entered March 14, 1923, by making
certain additional findings, granted.   Motion for leave to appeal
to Court of Appeals granted and questions for review certified.